## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## CIVIL DIVISION

DENISE LANUTI

      PLAINTIFF

v.        CASE No. CV – 16-1637-2

BRAUM'S, INC. and
W.H. BRAUM, INC. d/b/a
BRAUM'S ICE CREAM AND
DAIRY STORES       DEFENDANTS

*FILED FOR RECORD 2016 AUG 8 PM 4:12 WASHINGTON CO. AR CIRCUIT CLERK K. SYLVESTER*

### COMPLAINT AT LAW

COMES NOW, the Plaintiff, Denise Lanuti, by and through the undersigned counsel, and for her Complaint against the Defendants, BRAUM'S, INC. and W.H. BRAUM, INC. d/b/a BRAUM'S ICE CREAM AND DAIRY STORES, states and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. At all times relevant herein, the Plaintiff, Denise Lanuti, was a resident and citizen of Washington County, Arkansas. That at the time of the incident giving rise to this lawsuit, Denise Lanuti was a customer and lawfully on the premises owned and operated by the separate defendants in Fayetteville, Washington County, Arkansas.

2. That separate defendants BRAUM'S, INC. and W.H. BRAUM, INC d/b/a BRUAM'S ICE CREAM AND DAIRY STORES (collectively hereinafter referred to as



EXHIBIT D

"BRAUM'S") are each a for-profit foreign corporation organized and existing under the laws of a state other than Arkansas. BRAUM'S owns and operates almost 300 stores throughout five states – Oklahoma, Kansas, Texas, Missouri, and Arkansas. According to BRAUM'S, each store is like "three stores in one" with a Grill, Old Fashioned Ice Cream Fountain, and a Fresh Market Grocery. At all times relevant herein, BRAUM'S conducted substantial and continuous business in the State of Arkansas, and in Washington County in particular. BRAUM'S registered agent for service of process on file with the Arkansas Secretary of State is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3. This action arises from the negligent acts and/or omissions of BRAUM'S that caused Denise Lanuti to slip and fall in what BRAUM'S designates as Store #232 located at 2511 North College Avenue, Fayetteville, Arkansas on or about December 15, 2015.

4. This Court has jurisdiction over the parties and the subject matter of this action and venue is proper.

## II. FACTUAL ALLEGATIONS

5. The Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if set forth verbatim herein.

6. On or about December 15, 2015, Denise Lanuti and members of her family were walking into BRAUM'S Store #232 located on North College Avenue in

Fayetteville, Arkansas. Denise Lanuti and her family had just come from an evening Christmas program at the Presbyterian Church. Denise Lanuti was accompanied by her husband, Richard Lanuti, her daughter, Ember, and her grandkids, Ry and Ivey. It had been raining prior to their arrival to Braum's.

7. As Denise Lanuti was entering the store, she slipped and fell to the ground striking her right knee and right elbow on the floor and face on the door. Denise Lanuti slipped in water that had been allowed to accumulate and remain on the floor inside the entry way into the store.

8. As soon as Denise Lanuti fell, another Braum's customer named Dianna Riner who witnessed the fall came over to see if she could help. Dianna Riner informed Denise Lanuti and her family that her own daughter had also slipped and fell in the same area approximately ten (10) minutes prior Denise Lanuti's fall. Immediately after her own daughter slipped and fell, Dianna Riner had informed Braum's employees of the wet and slippery floor. Braum's took no action to warn of the dangerous condition on the floor or make the floor safe after Dianna Riner put them on notice that the floor was wet and slippery.

9. At the time of her incident, there were no wet floor signs displayed in the area of the store where Denise Lanuti fell.

10. Under information and belief, the incident may have been captured by the store video surveillance camera.

11. Denise Lanuti fell so hard to the floor that she suffered severe injuries including, but not limited to, a fractured olecranon bone in her right elbow.

12. Due to the nature and extent of her fractured elbow, Denise Lanuti was required to undergo a surgery at Northwest Medical Center in Springdale, Arkansas. She had a metal plate and screws inserted into her right elbow, and endured physical therapy and a period of rehabilitation. Denise Lanuti then required a second surgical procedure to remove the hardware. She continues to experience frequent pain and limitations in the use of her right arm and hand related to her right elbow injury.

13. Denise Lanuti is a self-employed artist engaged in the design and creation of unique glass art. As a direct and proximate result of her injuries, Denise Lanuti was for a period of time unable to work during the period of her recovery and rehabilitation. She remains severely limited in her ability to create art due to the permanency of her right elbow injury.

14. As a direct and proximate result of her injuries, Denise Lanuti suffered substantial damages of a temporary and permanent nature as more fully set forth below.

### III. NEGLIGENCE

15. The Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if set forth verbatim herein.

16. At all times relevant to this action, Denise Lanuti was properly on the Defendants' premises as a customer and business invitee.

17. At all times relevant to this action, Braum's owed a duty to Denise Lanuti, as well as all of its customers, to use ordinary care to maintain its store in a reasonably safe condition for the benefit of Denise Lanuti and its customers. The ordinary care required in this case specifically includes a duty to take reasonable steps to timely warn of and remove or correct unreasonably dangerous conditions on the floor of its store that it has actual knowledge of.

18. The area where this incident occurred is located in the entry way into the store and known by Braum's to be a heavy traffic area.

19. Braum's knew or should have known that water was likely to be present and accumulate in the entry way of the store due to the rain.

20. Braum's was specifically put on notice of the wet and dangerous condition of its entry way floor by a customer prior to Denise Lanuti's fall.

21. Braum's knew that failing to clean or dry a wet floor in the entry way of its store allowed a known unreasonably dangerous condition to continue to exist.

22. Braum's knew that each of its customers, to include Denise Lanuti and her family, would necessarily be exposed to and come into contact or close proximity to the wet floor in the entry way of its store.

23. Braum's knew that its failure to timely react and respond to the notice it was given of the dangerous condition of its wet floor increased the risk of injury or harm to its customers, to include Denise Lanuti and her family.

24. Braum's owed a duty to its customers, to include Denise Lanuti and her family, to anticipate the risk of injury and harm of a wet floor and take timely precautions to guard against and prevent such harm. Braum's breached this duty to Denise Lanuti resulting in severe injury and harm.

25. Braum's, by and through its employees, breached its duty to Denise Lanuti and was negligent in failing to keep its entry way floor free from an unreasonably dangerous condition that it knew was present prior to her entry into the store.

26. Even though Braum's had actual knowledge of the dangerous slippery floor condition, no action was taken by any Braum's employee to remove or address the slippery floor, nor was any action ever taken to warn or caution customers or Denise Lanuti of the dangerous condition.

27. No one other than Braum's was in control of its store premises or had a duty to inspect and maintain the entry way floor in a safe condition.

28. The Defendant carelessly and negligently failed to use ordinary care to maintain the premises in a reasonably safe condition.

29. Braum's carelessly and negligently failed to warn its business invitees and patrons, and more particularly Denise Lanuti, of the presence of the dangerously slippery floor in its entry way, and knew or reasonably should have known that a failure to warn of the slippery condition would result in injury and damages.

30. Braum's carelessly and negligently failed to mark the dangerously slippery floor area with cones, placards, or other barricade devices or warning devices to protect its business invitees and patrons, and more particularly Denise Lanuti, from the presence of the slippery floor, and knew or reasonably should have known that failure to do so would result in injury and harm.

31. Braum's carelessly and negligently failed to follow and adhere to established policies and procedures for the safe operation and maintenance of its store and/or failed to enforce said policies and procedures.

32. As a direct and proximate result of Braum's acts, or failures to act, as set forth herein, Denise Lanuti suffered severe injury and damages.

## IV. PRAYER FOR RELIEF

33. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if set forth verbatim herein.

34. As a direct and proximate result of the Defendant's conduct, Plaintiff is entitled to the following damages, taking into account the nature, extent, duration, and

permanency of her injuries, and in any event in an amount exceeding the minimum amount required for federal court jurisdiction in diversity of citizenship cases:

    a. Past and present medical care, treatment, services, expenses, and costs;

    b. Future medical care, treatment, services, expenses, and costs;

    c. Past and present pain, suffering, and mental anguish;

    d. Future pain, and suffering;

    e. Loss of earnings and loss of future earning capacity; and

    f. Scarring.

35. Plaintiff respectfully requests the cost of litigating this case.

36. Plaintiff requests trial by jury.

37. Plaintiff reserves the right to plead further in this matter, to amend the Complaint, and file additional pleadings, as allowed by the Rules.

WHEREFORE, Plaintiff, Denise Lanuti, respectfully request that this Court grant her judgment against Defendants, jointly and severally, for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled.

Respectfully submitted,
DENISE LANUTI, PLAINTIFF

By: _____
Alan L. Lane, Ark. Bar. No. 2003131
ODOM LAW FIRM, P.A.
1 East Mountain

P.O. Drawer 1868
Fayetteville, AR 72701
(479) 442-7575 *Tel*
(479) 442-9008 *Fax*
<u>alane@odomfirm.com</u>

*ATTORNEYS FOR PLAINTIFF*